IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DANIEL THOMAS LIPSCOMB, | ) |
|     Plaintiff, | ) Civil Action No. 7:22-cv-00181 |
| | ) |
| v. | ) |
| | ) By: Elizabeth K. Dillon |
| CLAY A. CORBIN, *et al.*, | )     United States District Judge |
|     Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

In this civil rights action, plaintiff Daniel Thomas Lipscomb, a pretrial detainee proceeding *pro se*, has sued three officials at the Northwest Regional Adult Detention Center ("NRADC"), where he is currently housed, as well as Mark Engelke, the Food Service Director for the Virginia Department of Corrections. In response to the complaint, Engelke has filed a motion to dismiss, (Dkt. No. 20), and the NRADC defendants' answer is not yet due (*see* Order, Dkt. No. 25 (granting extension of time to answer)).

Lipscomb's claims are based on his allegation that he has sought, and is being denied, a kosher diet consistent with his Orthodox Jewish faith. He asserts that NRADC's failure to provide him a kosher diet violates his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, *et seq*. and the First Amendment. He further alleges that defendants' failure to provide his requested diet has resulted in an Equal Protection violation, because Muslim inmates are being offered a choice of meals consistent with their faith, but his religious dietary requirements are not being accommodated. His complaint claims that this violates his Eighth and Fourteenth Amendment rights. (*See generally* Compl., Dkt. No. 1.)

Pending before the court are several motions, and the court addresses two of them herein: (1) Lipscomb's motion for preliminary injunction (Dkt. No. 16); and (2) Lipscomb's motion for

an order requiring defendant Engelke to respond to the complaint (Dkt. No. 28).[1]

Turning first to the motion for preliminary injunction, much of it is devoted to claims and events that are unrelated to his claims in this lawsuit. First, Lipscomb asks the court to enjoin defendants from "retaliating against Mr. Lipscomb by refusing" to allow him to meet with his lawyer. He also describes a specific incident in which he was not permitted to meet with his lawyer, and the officer told him he had "poked the bear one [too] many times" and referenced his lawsuits. (Mot. Prelim. Inj. 1–2, Dkt. No. 16.)

Second, he wants an order requiring defendants to "stop forcing" him to receive a diet tray marked with another individual's name. He "feels something was done to the food" in retaliation for his filing this lawsuit. (*Id.* at 2–3.)

Third, he complains that he placed a commissary order, but did not receive it. He alleges that his orders have been lost before and says that an individual at the jail told him that "someone high up must be pissed off due to all the paperwork" Lipscomb files. He wants an order directing NRADC to "stop refusing" his commissary orders. (*Id.* at 3.)

His last request is that he be given a kosher diet and that defendants stop violating his religious rights. (*Id.* at 4.)[2]

Preliminary injunctive relief is an "extraordinary" remedy that courts should grant only "sparingly." *See Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991). The party seeking the preliminary injunction must demonstrate that: (1) he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of

---

[1] Also pending before the court is plaintiff's motion for summary judgment (Dkt. No. 29), which is not yet ripe, and Engelke's motion to dismiss (Dkt. No. 20). These motions will be addressed by separate opinions and orders in due time.

[2] Lipscomb also makes a general claim, unsupported by any specific details, that he believes he may be harmed by defendants in retaliation for filing this lawsuit. Such vague and general assertions do not satisfy the high threshold for granting a preliminary injunction, and the court does not address them further.

preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 22 (2008); *League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 249 (4th Cir. 2014). The remedy may be granted only on a "clear showing" of entitlement to relief. *Winter*, 555 U.S. at 22.

Important here, a preliminary injunction is not appropriate when the harm complained of does not arise from the harm alleged in the complaint. *Omega World Travel v. TWA*, 111 F.3d 14, 16 (4th Cir. 1997). The movant thus must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint. *Id.*; *see In re Microsoft Antitrust Litig.*, 333 F.3d 517, 526 (4th Cir. 2003). "[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *Omega World Travel*, 111 F.3d at 16; *see Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). Lipscomb's first three requests for relief are all unrelated to his claims in this lawsuit. If he wants to file separate lawsuits based on the alleged events, or separate lawsuits asserting retaliation claims, he is free to do so, after first exhausting his administrative remedies. But those claims are unrelated to the claims in his complaint and are not the proper subject of injunctive relief.

As to Lipscomb's request for a preliminary injunction requiring that he be given kosher meals, that aspect of his motion will remain under advisement, and the court will direct the Clerk to set the motion for a hearing.

Also pending before the court is Lipscomb's motion for an order compelling defendant Engelke to answer his complaint. (Dkt. No. 28.) The motion will be denied without prejudice at this time. Lipscomb repeatedly asserts that Engelke failed to respond to the complaint by his deadline, but that is incorrect. Engelke has responded to the complaint by filing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and it is entirely proper to respond

3

to a complaint by filing such a motion in lieu of an answer. *See also* Fed. R. Civ. P. 12(a) (explaining that if a timely Rule 12 motion is filed, then an answer is not required until 14 days after the court denies the motion or postpones its disposition until trial). Thus, no answer is due at this time, and the court declines to order one prior to any ruling on the motion to dismiss.

## CONCLUSION AND ORDER

For the foregoing reasons, it is hereby ORDERED that:

1. Lipscomb's motion for preliminary injunction (Dkt. No. 16) is DENIED IN PART and REMAINS UNDER ADVISEMENT IN PART. It remains UNDER ADVISEMENT as to Lipscomb's request for an order requiring defendants to provide him a kosher diet and is otherwise DENIED. The Clerk is DIRECTED to set the case for a hearing on the remaining portion of plaintiff's motion, which concerns his request for a kosher diet.

2. Lipscomb's motion for an order compelling defendant Engelke to answer the complaint is DENIED WITHOUT PREJUDICE.

The Clerk shall send copies of this order to Mr. Lipscomb and to all counsel of record.

Entered: June 29, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge